**Peter E. NEWMAN, Plaintiff-Appellee,**

v.

**TROY SAVINGS BANK,
Defendant-Appellant.**

No. 80–3772.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1981.

---

**3.** With apologies to "For want of a nail, the shoe was lost ...," a nursery rhyme apposite to the attenuated chain of causation that we view today.

J. B. Kiefer, Louis B. Graham, New Orleans, La., for defendant-appellant.

Sidney A. Cotlar, New Orleans, La., for plaintiff-appellee.

Before COLEMAN, REAVLEY and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

The facts in this case are stipulated. The appellate argument is concerned with the decision which was rendered on those facts. We affirm.

Newman, a citizen of Louisiana, executed mortgages *in rem* (no personal liability) which were later assigned to Troy Savings Bank. These mortgages contained language which required the consent of the mortgagee prior to a sale of the property, further providing that consent could not be unreasonably withheld nor unreasonably denied. There was no provision with reference to a transfer fee.

When Newman sold the property to third parties the Troy Savings Bank refused to grant its consent to the sale unless it was paid $10,964.52 as a "transfer fee". To avoid foreclosure of the mortgages, Newman paid this sum under protest and sued for its recovery.

This is a diversity case. The District Court accordingly applied what it considered to be the Louisiana law, and gave judgment against the Bank. In this, we think the Court was eminently correct. *See Rayford v. Louisiana Savings Association,* 380 So.2d 1232 (La.App., 1980), *writ denied* by the Supreme Court of Louisiana, 384 So.2d 793 (1980).

Appellant argues that *Rayford* is not controlling because the transfer there was from one co-mortgagor to another instead of a sale to previously unconnected third parties. Even so, the Louisiana Court of Appeal took occasion to say:

The Association might not be entitled to the transfer fee even if the acceleration clause applied to co-owner co-obligor sales. As this issue is res nova, we again turn to the jurisprudence of our sister states for guidance. *Continental Federal Savings & Loan Association v. Fetter,* 564 P.2d 1013 (Okl.1977),[15] is a persuasive case which is factually similar to the case before us. There the mortgagee, acting pursuant to a due on sale clause in a mortgage contract, sought to accelerate the balance of the loan after a transfer of the property was completed without the consent of the mortgagee. The mortgagee had conditioned its consent upon the payment of a 1% transfer fee, which the purchaser refused to pay. The mortgage contract there, similar to the one here, had failed to provide for the payment of an extra fee before consent could be secured. Holding against the mortgagee, the Supreme Court of Oklahoma, said:

"Neither the mortgage nor the note contained a provision requiring payment of a transfer fee. The undisputed evidence was the actual transfer

**54**

cost to Continental Federal was $100 and that comparable transfer figures for VA and FHA were $35. Printed contracts are interpreted most strongly against the party preparing the form. The rule of strict construction against the drafter of the instrument is particularly applicable in the case of a contract prepared by an expert or experienced party, and *it has special force where it is sought to create and impose an obligation when none would otherwise appear.*

> We ... find that it was unreasonable and inequitable for appellant to impose a one percent transfer fee as a condition precedent to giving its consent to transfer the mortgage because neither the note nor the mortgage contained such a provision; it was not a bargained-for element of the note and mortgage; it bore no relationship to the actual cost of transferring the mortgage, and there was no jeopardizing of mortgagee's security." (Emphasis added)

The decision of the Oklahoma Court we think is logically and legally sound and would be applicable here.[16]

---

[15] This case contains an excellent summary of the jurisprudence pertaining to due on sale clauses.

[16] We express no opinion as to whether a reasonable transfer fee, designed to recover the actual cost of the transfer, would be allowed under proper circumstances.

With this language of the Louisiana Court of last resort staring us in the face we see no warrant for an *Erie* guess to the contrary.

AFFIRMED.